UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 10 CIV. 7984

_Michael Head_

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_Sgt. E. Madison_

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes   ☐ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.   Parties in this complaint:**

A.   List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name _Michael Head_

ID # _00-A-3017_

Current Institution _Attica Correctional Facility_

Address _Box 149_

_Attica, New York_

B.   List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1     Name  *E. Madison, Sgt.*                    Shield # _____
                     Where Currently Employed  *Sullivan Correctional Facility*
                     Address  *P.O. Box 116*
                     *Fallsburg, New York 12733*

Defendant  No. 2     Name  _____  Shield # _____
                     Where Currently Employed  _____
                     Address  _____
                     _____

Defendant  No. 3     Name  _____  Shield # _____
                     Where Currently Employed  _____
                     Address  _____
                     _____

Defendant  No. 4     Name  _____  Shield # _____
                     Where Currently Employed  _____
                     Address  _____
                     _____

Defendant  No. 5     Name  _____  Shield # _____
                     Where Currently Employed  _____
                     Address  _____
                     _____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?  *At Sullivan Correctional Facility.*

B.     Where in the institution did the events giving rise to your claim(s) occur?  *It began in the facility corridor (called "Crossgates") and resumed in my housing unit.*

C.     What date and approximate time did the events giving rise to your claim(s) occur?  *On March 5th, 2009 in both the morning and afternoon.*

D.    Facts:

*What happened to you?*

On the morning of March 5, 2009, I was approached by Sgt. E. Madison about the length of my beard. when I tried to inform him that I was Rastafarian, he told me that unless I had a permit or Court order for such, I had to cut my beard. when I told him I'd get one, he said "No, you will cut it today." Later that same day after lunch, Sgt. E. Madison came to my housing unit and called me over to the officer's desk. He had with him a copy of Directive 4914. when I pointed out to him that I had already trimmed down my beard, he then told me I had to cut my hair because the way I grew it was unauthorized ( I only grew out the top and trimmed the sides low). when I asked to see the Directive for myself, Sgt. E. Madison told me I had to get my own copy. He then said I could either cut my hair or go to the "box" (SHU), that he wasn't going to argue with me. Several

*Was anyone else involved?*

inmates observed the incident. One by the name of Kareem was a muslim facilitator. Sgt. E. Madison then had me sent to the facility barbershop by my housing unit officer that very same day, giving me no time to get a copy of Directive 4914 to view for myself. I grieved the matter and no real investigation was done, nor was Sgt. E. Madison held accountable for his actions.

*Who did what?*

*Who else saw what happened?*

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. I had to suffer the ridicule of other inmates for "not standing up for my faith". I also recieved threats from certain members of my faith for breaking the nazarite vow by cutting my hair. The ridicule followed me from prison to prison until I denounced my faith altogether in order to escape the mental anguish it was putting me through. All because I was forced to follow a "direct order".

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓    No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _Sullivan Correctional Facility, P.O. Box 116, Fallsburg, New York 12733._

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _✓_    No ____    Do Not Know ____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____    No ____    Do Not Know _✓_

If YES, which claim(s)? _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _✓_    No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____    No ____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? _Sullivan Correctional Facility._

1.    Which claim(s) in this complaint did you grieve? _The fact that I was forced to cut my hair and threatened to be sent to SHU if I didn't._

2.    What was the result, if any? _I.G.R.C. reps agreed with my testimony but the I.G.R.C. staff went with the testimony of Sgt. E. Madison._

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _I appealed to the Superintendent, then to C.O.R.C. Notifying them that Sgt. E. Madison didn't allow me the 14 days alotted by Directive 4914, Section B 1, to get an "exemption" for my beard and hair. The Sergeant made no refference to my I.D. photo as so mentioned by the Superintendent in response to my grievance._

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: _____

_____

_____

_____

2.    If you did not file a grievance but informed any officials of your claim, state who you

informed, when and how, and their response, if any: _____

_____

_____

_____

_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I also filed a grievance against I.G.R.C. staff for not doing a proper investigation in the matter. At no time did they inquire about what my "disruptive behavior" was for, as alleged by Sgt. E. Madison regarding his reasons for mentioning to lock me up. See all papers and proceedings attached.

_____

_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.    **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I want to file a suit against Sgt. E. Madison, suing him in his own individual capacity. The amount of monetary compensation I'm seeking is One Hundred and Fifty Thousand dollars ($150,000.00). The basis of such an amount is for the fact that Sgt. E. Madison used his authority to take from me something I may never get back. And the oath I was forced to break as a Rastafarian can't be replaced. I therefore request the above amount for such a violation against me and my faith, and hope that such will deter Sgt. E. Madison from any future violation of anyone elses faith.

_____

_____

_____

_____

_____

*Rev. 05/2007*                                    5

**VI.    Previous lawsuits:**

> On
> these
> claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No ✓

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case _____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____
If NO, give the approximate date of disposition _____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

> On
> other
> claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes ✓   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff *Michael Head* _____

Defendants *( I cannot recall )* _____

2.    Court (if federal court, name the district; if state court, name the county) *State,*
*Wyoming.*

3.    Docket or Index number *( I cannot recall )* _____

4.    Name of Judge assigned to your case *( I cannot recall )* _____

5.    Approximate date of filing lawsuit *( I cannot recall )* _____

6.    Is the case still pending?  Yes _____   No ✓
If NO, give the approximate date of disposition *( I cannot recall )* _____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  *There was a judgment in my favor.*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this *8* day of *October*, 20*10*.

Signature of Plaintiff   *Michael Hood*

Inmate Number   *#00-A-3017*

Institution Address   *Attica Corr. Fac.*
*Box 149*
*Attica, New York 14011*

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this *8* day of *October*, 20*10*, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   *Michael Hood*

*Rev. 05/2007*                                   7

To: I.G.R.C.

From: Michael Head

Din #: 00-A-3017

Location: B-North 242

Date: 3/6/09



47 Capt

Corny

RECEIVED

MAR 1 6 2009

By_____

To whom it it may concern,

   First and foremost, I'd like to make a complaint about two grievances I've already filed but were never answered. One was in November 2008, against correction officer Butterfield, who keeplocked me for trying to attend my religious callout. The second grievance was against correction officer Weigand, who keeplocked me for trying to attend a Black History callout which had excused all inmates from their programs who'd be attending this callout. The first grievance was to be forwarded to the Superintendent, its been over three months and I've received no response. The second grievance has yet to be answered by the I.G.R.C. itself.

   My present grievance is against Sgt. Madison. On March 5th, 2009, I was approached by Sgt. Madison about the length of my beard. When I tried to tell him I was under the Rastafarian religion, he said that unless I had a "permit" for such or a court order, I had to cut my beard because it was over an inch.

   Later on that same day, on or about 12:30 p.m. Sgt. Madison came to my housing unit and called me over to speak with him. I had just finished eating lunch. Sgt. Madison presented me with Directive 4914, Section III-B-2-a, at the middle of page 2. When I directed Sgt. Madison to the fact that I had already trimmed my baerd, he then told me I had to cut my hair because my haircut wasn't authorized. I had the sides trimmed low and grew out the top. Which I kept well groomed and in a corn row fashion. He proceeded to use the same Directive to substantiate his argument. He then said that I could either cut my hair or go to the box (SHU). Several inmates including the housing unit officer witnessed the whole ordeal. I then raised the issue of my religion, in which Sgt. Madison's response was that he didn't care what my religion was. That I could either take the keeplock or he'd prove that he wasn't playing (refering to those who were watching).

                        PAGE 1 of 2

When I requested a copy of the Directive he had brought to, he said no. That I'd have to get a copy on my own from the Law Library. He then had me sent to the barbershop that very same day at or about 2 p.m. So before I could get a copy of the Directive I was forced by a direct order from Sgt. Madison to cut all my hair off. The next day I was presented with a copy of Directive 4914 by another inmate. Not only did I find that my former hairstyle was in compliance with the Directive, but also that Section III-B-2-a which Sgt. Madison presented to me was a nearly 4-year-old text which had been revised April 25th, 2005. Yet Sgt. Madison presented to me an unrevised text from February 5th, 2001. The revised text for Section III-B-2-a clearly states, "Hair may be permitted to grow over ears to any length desired by inmate. The hair must be neatly groomed and kept clean at all times. The only braids allowed are the corn row style..."

Therefore, my hairstyle did not violate any rules or regulations but were in compliance with rules and regulations. My inmate I.D. card issued on December 2nd, 2008 will substantiate this fact. Directive 4914 Section III-B-1-b also states, "An inmate who refuses to comply with this rule will be given 14 days from the date of the written order to shave in which request exemption. If the inmate fails to submit a request for an exemption within 14 days, he may be disciplined for refusal to obey such order."

Sgt. Madison neither showed nor gave me such an option in relation to this Directive. Therefore, Sgt. Madison not only violated my constitutional right by infringing upon my religion and abusing his authority by forcing me to follow a direct order with threats of sending me to the box (SHU), he also presented documents that were obsolete to justify his actions. In doing so, I not only received an assault against my belief, but also against my person by being forced to cut my hair.

I therefore pose that Sgt. Madison be held accountable for his actions as well as his conduct, and be dealt with accordingly.

Respectfully,

Michael Head

Michael Head #00-A-3017

cc.: File

PAGE 2 of 2

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES

No. **4914**

**REVISION NOTICE**

TITLE

**INMATE GROOMING STANDARDS**

| REVISES | DISTRIBUTION | PAGE 1 OF 1 | DATE |
|---|---|---|---|
| Dir. #4914 dtd. 02/05/2001 | A   B | PAGES | APR 2 5 2005 |

REFERENCES (includes but are not limited to):

APPROVING AUTHORITY

☐ Section III-B-2-a, at the middle of page 2; replace the second paragraph with the following revised text:

Hair may be permitted to grow over the ears to any length desired by the inmate. The hair must be neatly groomed and kept clean at all times.

The only braids allowed are the corn row style. Corn row braids may only be woven close to the scalp in straight rows from the forehead to the back of the neck. No designs or symbols may be woven into the hair and the corn row braids may not extend below the hairline.


PROPERTY OF
SULLIVAN CORRECTIONAL FACILITY
LAW LIBRARY

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES **DIRECTIVE** | TITLE **Inmate Grooming Standards** | | No. **4914** |
|---|---|---|---|
| SUPERSEDES Dir. #4914 dtd. 07/05/94 | DISTRIBUTION   A  B | PAGE 1 OF 2 PAGES | DATE **2/5/01** |
| REFERENCES (includes but are not limited to): | APPROVING AUTHORITY | | |

PROPERTY OF
SULLIVAN CORRECTIONAL FACILITY
LAW LIBRARY

I. **DESCRIPTION.** This directive establishes the basic grooming standards (including criteria for beards, mustaches, and length of hair) for inmates.

II. **PURPOSE.** It is the purpose of this directive to ensure that inmate appearance will be regulated sufficiently to maintain accurate identification of each individual.

III. **REGULATIONS**

A. **Grooming Standards at Reception.** Initial shaves and haircuts shall be required of all newly committed male inmates (unless exempted as set forth below). These are required for reasons of health and sanitation as well as to permit the taking of the initial identification photograph.

1. **Shaves.** Inmates who have beards upon reception shall be permitted the option to use an electric razor, hand razor, hand clippers, or a depilatory to remove their beards.

   **Exemption:** The initial shave regulation applies to all inmates including Rastafarians unless the inmate possesses a court order restraining the Department from such enforcement.

   **NOTE:** Inmates who are exempted from the shave regulation because they possess a court order as described above, shall be placed in the extended classification unit at the Downstate Reception Center or in administrative segregation at all other facilities. The Department's Counsel's Office shall be notified of all such inmates.

2. **Haircuts.** Hair length upon completion of this initial haircut shall not exceed one (1) inch on any part of the head.

   **Exemptions:** Any reception inmate who professes to be a Rastafarian, Taoist, Sihk, American Indian, Orthodox Jew, or member of any other religious sect of a similar nature and refuses to have an initial haircut cannot be forced to comply with the initial haircut requirements. In addition, any reception inmate who refuses to comply with the initial haircut regulation on religious grounds and who has a court order restraining the Department from enforcing the initial haircut regulation cannot be forced or ordered to comply with the initial haircut regulation.

   **NOTE:** Any inmate covered by the above exceptions shall be classified and transferred in the standard manner and cannot be disciplined or placed in administrative segregation for their refusal on religious grounds to have an initial haircut.

   Any reception inmate who refuses to comply with the initial haircut regulation on religious grounds and does not profess to be a Rastafarian, Taoist, Sihk, American Indian, Orthodox Jew, or member or any other religious sect of a similar nature, or does not have a court order shall be ordered to comply with the initial haircut regulation. If they refuse, their hair shall not be cut, but they shall be placed in the extended classification unit at the Downstate reception center or administrative segregation at all other facilities.

   Identification photographs of any inmate who has not had their hair cut shall be taken in accord with the following:

   -For the frontal view, the hair shall be pulled back away from the face and ears.

   -For the side view (profile), the hair shall be pulled back and to the side.

B. **General Grooming Standards.** After the initial haircut and shave, general grooming standards as set forth below are applicable to all inmates except those inmates participating in the Department's Shock Incarceration Program.

PROPERTY OF
SULLIVAN CORRECTIONAL FACILITY
LAW LIBRARY

**Beards and Mustaches.** An inmate may grow a beard and/or mustache, but beard/mustache hair may not exceed one (1) inch in length unless

a.   the inmate has a court order restraining the Department from enforcement; or

b.   the inmate has requested and received an exemption based upon his or her documented membership in a religion which has an established tenet against the trimming of beards including but not limited to inmates who are Rastafarian, Orthodox Jew or Muslim. All inmate requests for such exemption shall be referred to and reviewed by Counsel's Office after consultation with the facility chaplain. After such review, Counsel's Office will make a recommendation to the Deputy Commissioner for Correctional Facilities. If the request is approved by the Deputy Commissioner for Correctional Facilities, a permit will be issued to the inmate.

Further, pending Counsel's Office's determination of requests for exemption from the one (1) inch rule, inmates shall not be required to cut or trim their beards, or disciplined for refusing the order to shave or subject to repeat orders to shave.

An inmate who refuses to comply with this rule will be given 14 days from the date of the written order to shave in which to request an exemption. If the inmate fails to submit a request for an exemption within 14 days, he may be disciplined for refusal to obey such order.

Copies of the written order, an inmate's request for exemption and the exemption will be filed in the inmate's legal file.

2.   **Hair.**

a.   Only basic haircuts will be allowed. Only one straight part will be allowed with no other lines, designs or symbols cut into the hair. In accordance with established barbering guidelines of the Department's Occupational Training Program, basic haircuts are defined as:

short, medium, and long                  butch

short, medium, and long pompadour        quo vadis (bald)

crew                                     Afro-natural, and

flat top                                 elevation

Hair may be permitted to grow over the ears to any length desired by the inmate. The corn row style is allowed. The hair must be neatly groomed and kept clean at all times.

b.   Long hair is defined as below shoulder length.

c.   Inmates wearing long hair assigned to work near machinery or food shall be required to wear a hair net. Any other inmate assigned to work near food shall be required to wear either a hat or a hair net.

d.   All inmates wearing long hair will be required to have the hair tied back in a ponytail at all times with a barrette, rubber band or other fastening device approved by the Superintendent.

Exception: American Indians involved in scheduled and approved Indian cultural ceremonies do not have to comply with this restriction.

e.   An inmate may be subjected to a hair search when there is reason to believe that contraband may be discovered by such a search. An inmate may be subjected to such search at any time that a pat frisk, strip search, or strip frisk is being conducted. Consistent with Directive #4910, during a pat frisk, an inmate will be required to run fingers through hair. During a strip search, an inmate may be subjected to an inspection of his or her hair. During a strip frisk, an inmate will run his or her hands through the hair.

C.   **Photographs.** If, in the opinion of a Correction Officer or supervisor, an inmate drastically changes his appearance by changing the length, style and/or color of his hair, or growing or shaving a beard and/or mustache, he will be rephotographed for identification purposes. All such rephotographs will be at the expense of the inmate.

FORM 2131E (REVERSE) (REV. 6/06)

Response of IGRC:

SUL/18499/09                                    3/20/09
    1) Reps: Grievant is a registered Rastafarian, which does not require
him to shave his locks off his head. By the Sgt. ordering grievant to shave
and then setting up an unscheduled barbershop call-out for the purpose of
forcing grievant to cut his hair in violation of his religious beliefs.
Note: Grievant was threatened that if he did not cut his hair he would be
sent to SHU. 2) Staff: Officer and Sgt. both indicated that inmate requested
to go to barbershop for hair cut. Sergeant mentioned "locking-up" to inmate
for his disruptive behavior and not regarding his hair cut as inmate stated
in grievance.

Date Returned to Inmate:_____    IGRC Members:_____

Chairperson _Bemy Conigles_                 _Tyrone Purdin_
                                            _Katherine J. Cohen, PA_
                                            _Sgt. B. Lyn_
                                            _____

Return within 7 calender days and check appropriate boxes.*

[ ] I disagree with IGRC response and wish to       [ ] I have reviewed deadlocked responses.
    appeal to the Superintendent                        Pass-Thru to Superintendent

[X] I agree with the IGRC response and wish to      [ ] I apply to the IGP Supervisor for
    appeal to the Superintendent                        review of dismissal.

Signed _Michael Head_                               _3/20/09_
       Grievant                                      Date

       _Jason Vogt_                                 _3/20/09_
       Grievance Clerk's Receipt                     Date

To be completed by Grievance Clerk.

Grievance Appealed to the Superintendent _3-20-09_
                                          Date

Grievance forwarded to the Superintendent for action _____
                                                          Date

An exception to the time limit may be requested under directive #4040, section 701.6(g).

| STATE OF NEW YORK<br>DEPARTMENT OF<br>CORRECTIONAL SERVICES | GRIEVANCE NO.<br>SUL/18499/09 | DATE FILED<br>3/16/09 |
|---|---|---|
| | FACILITY<br>Sullivan Correctional Facility | POLICY DESIGNATION<br>Institution |
| | TITLE OF GRIEVANCE<br>Forced to Cut Hair | CLASS CODE<br>47 |
| **INMATE GRIEVANCE PROGRAM**<br><br>**SUPERINTENDENT** | SUPERINTENDENT'S SIGNATURE<br>*James J. Walsh, Superintendent* | DATE<br>**April 2, 2009** |
| GRIEVANT<br>M. Head | DIN #<br>00-A-3017 | HOUSING UNIT<br>BN-242 |

IGRC investigation shows that the Sergeant approached the grievant on the length of his beard and if he had a permit allowing him to grow it over one (1) inch, as outlined in Directive # 4914, Section B 1, Beards and Mustaches.  The Sergeant also informed the grievant of the allowed hair cuts and that his ID did not match his appearance and that he needed to cut his hair as outlined in Directive # 4914, Section B 2, Hair.  Grievant is advised that all inmates must be incompliance with Directive # 4914 and any exceptions should be addressed as outlined in the directive to the appropriate area for review.


JJW:ja

cc:   Inmate (2)
      file


---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have four (4) working days from receipt of this notice to file your appeal.  Please state why you are appealing this decision to C.O.R.C. ① The Sergeant didn't allow me time to get an "Exemption" for my beard or my hair. ② The Sergeant made no reffrence to my I.D., though my I.D. photo taken on 12/2/08 did match my hair length. ③ I was given no time to get a "Review."

_Michael Head_ _____
GRIEVANT'S SIGNATURE

_Apr. 6, 2009_ _____
DATE

_____
GRIEVANCE CLERK'S SIGNATURE

_____
DATE

FORM 2133 (REV. 2/89)



STATE OF NEW YORK

DEPARTMENT OF CORRECTIONAL SERVICES

THE HARRIMAN STATE CAMPUS – BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y.  12226-2050

BRIAN FISCHER
COMMISSIONER

KENNETH S. PERLMAN
DEPUTY COMMISSIONER
PROGRAM SERVICES

March 20, 2009

Mr. Michael Head
00A3017
Sullivan Correctional Facility
PO Box 116
Fallsburg, NY  12733

Dear Mr. Head:

This is in response to your recent letters regarding a request for a beard permit as a practicing Rastafarian.

Please be advised that your letters have been referred to Counsel's Office for their review and response.

Sincerely,

Omega B. Alston
Assistant Director of Ministerial Services
Ministerial, Family & Volunteer Services

OBA/vdr
cc:     Superintendent – Sullivan C.F.
        Counsel's Office – Bldg. #2
        Central Files



STATE OF NEW YORK

DEPARTMENT OF CORRECTIONAL SERVICES
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050
(518) 457-4951

FAX (518) 457-7555*
*Not for service of papers.

**BRIAN FISCHER**
COMMISSIONER

ANTHONY J. ANNUCCI
EXECUTIVE DEPUTY COMMISSIONER

March 23, 2009

Mr. Michael Head
00A3017
Sullivan Correctional Facility
P.O. Box 116, 325 Riverside Drive
Fallsburg, NY 12733-0116

Dear Mr. Head:

This is in response to your letter dated March 9, 2009, that was received in this Office on March 19, 2009, requesting that you be considered for a permit to allow you to grow your beard. Please be advised this matter has been reviewed.

A review of this Department's records indicates that you are a member of the Rastafarian faith. Pursuant to Directive #4914, I am hereby recommending to the Deputy Commissioner for Correctional Facilities that a permit be issued granting you an exemption from the one-inch beard rule based upon your religion.

Very truly yours,

William M. Gonzalez
Deputy Counsel

WMG/pjm
cc: Lucien J. Leclaire, Deputy Commissioner for Correctional Facilities
     Superintendent - Sullivan Correctional Facility
     Chaplain's Office - Sullivan Correctional Facility



STATE OF NEW YORK
**DEPARTMENT OF CORRECTIONAL SERVICES**
THE HARRIMAN STATE CAMPUS
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

2009 MAR 26  PM 2: 50

**BRIAN FISCHER**
**COMMISSIONER**

LUCIEN J. LECLAIRE, JR.
**DEPUTY COMMISSIONER**
**CORRECTIONAL FACILITIES**

3/24/09

MR. MICHAEL HEAD
#00-A-3017


DEAR MR. HEAD

    Deputy Commissioner and Counsel Annucci has forwarded his
recommendation that you be exempt from the one-inch beard and
mustache rule limitation of Directive #4914.

    You are granted an exemption based on your documented
membership in a religion, which has an established tenet
against the trimming of beards.

    This letter should be retained by you and will serve as
your statewide beard and mustache exemption permit.


                    Sincerely,



                    Lucien J. Leclaire, Jr.
                    Deputy Commissioner



***AUTOMATICALLY ISSUED  2009-03-24-15.08.46.520247  BY  CEXCACR



STATE OF NEW YORK

## DEPARTMENT OF CORRECTIONAL SERVICES
THE HARRIMAN STATE CAMPUS - BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y.  12226-2050

**BRIAN FISCHER**
**COMMISSIONER**


## MEMORANDUM


FROM:      Karen Bellamy, Director, Inmate Grievance Program

SUBJ:      Receipt of Appeal


```
M HEAD          00A3017       Date 05/11/2009
**SULLIVAN CF**
   Your grievance SUL-18499-09 entitled
Forced To Cut Hair
was rec'd by CORC on 04/29/2009
```


-----------------------------------------------------------------------------

A disposition will be sent to you after the grievance is reviewed by CORC.

To: I.G.R.C.

From: Michael Head

Din: #00A3017

Location: B-North 242

Date: March 24, 2009

Page 1 of 2



RECEIVED
APR 0 2 2009
By_____

To whom it may concern,

     I'm filing a grievance against the I.G.R.C. staff for aiding and abetting the misconduct of Sgt. E. Madison. Testimony of both the Sgt. and officer in this case showed that I had no desire of freely cutting my hair. If I had, there would have been no need for me to mention about being a Rastafarian. Secondly, if I had truly been making a request to cut my hair, for what reason would the Sgt. had mentioned "locking-up" for "disruptive behavior?" From where would this disruptive ~~behad~~ behavior" been caused ~~if~~ if I had truly simply "requested to go to the barbershop?" The officer also stated that I asked to shave all my hair off. For one, I've been in prison nearly 10 years, since when do I need permission from an officer to shave my head? Second, there are hair trimmers in each Housing Unit for inmate use, why would I need to request to go to the barbershop for what I could easily do in my Housing Unit? The story of the Sgt. and the officer doesn't even make sense. I'd like to know how the I.G.R.C. staff came to their conclusions in the matter? What type of investigation did they do? Because if the staff went soley upon the testimonies of both Sgt. and officer, which neither make rational sense nor coincide with one another, I see this as a means to cover-up for their

Page 1 of 2

To: I.G.R.C.

Date: 3/24/09

Fellow Facility co-workers. Also, at no time during my grievance interview did the I.G.R.C. staff make such claims. What I signed and agreed to ~~was~~ was what was stated by the I.G.R.C. Reps and the written "Note." Now I get a copy of the grievance decision saying something entirely different than what I agreed to, as to make it appear that I agreed with the I.G.R.C. as a whole, when that isn't so. Nor was I sent a second copy of the grievance to forward to the Superintendent for action. I hereby request that these matters be investigated immediately.

Respectfully Yours,

Michael Head

Michael Head

cc: File

Response of IGRC:

SUL/18535/09                           4/13/09
     Denied:  Grievance (SUL/18499/09) concerning grievant cutting his hair
was handled appropriately.  investigation by IGRC included interviewing all
parties involved in allegations made by grievant.  This is the normal and
mandated process.  There were no violations concerning the IGRC's handling of
grievance (SUL/18499/09).

Date Returned to Inmate: __4/14/09__        IGRC Members _____

Chairperson _____

Return within 7 calender days and check appropriate boxes.*

[ ] I disagree with IGRC response and wish to          [ ] I have reviewed deadlocked responses.
    appeal to the Superintendent                           Pass-Thru to Superintendent

[ ] I agree with the IGRC response and wish to         [ ] I apply to the IGP Supervisor for
    appeal to the Superintendent                           review of dismissal.

Signed: _____                        _____
                 Grievant                                      Date

        _____                        _____
        Grievance Clerk's Receipt                              Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent _____
                                                  Date

Grievance forwarded to the Superintendent for action _____
                                                              Date

*An exception to the time limit may be requested under directive #4040, section 701.6(g).

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | GRIEVANCE NO. SUL/18535/09 | DATE FILED 4/2/09 |
|---|---|---|
| | FACILITY Sullivan Correctional Facility | POLICY DESIGNATION Institution |
| | TITLE OF GRIEVANCE Wants IGRC Conduct Investigated | CLASS CODE 44 |
| **INMATE GRIEVANCE PROGRAM** **SUPERINTENDENT** | SUPERINTENDENT'S SIGNATURE *JWalsh* James J. Walsh, Superintendent | DATE May 6, 2009 |
| GRIEVANT M. Head | DIN # 00-A-3017 | HOUSING UNIT BN-242 |

IGRC investigation shows that the grievant's concerns about the investigation regarding his previous grievance #18499-09, was handled appropriately.  The investigation done included interviewing all parties involved in the allegations made by the grievant.  This is a normal and mandated process, there were no violations concerning the IGRC's handling of the grievance.

JJW:ja

cc:   Inmate (2)
      file

---

## APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have four (4) working days from receipt of this notice to file your appeal.  Please state why you are appealing this decision to C.O.R.C. *If I had "requested" to cut my hair as the I.G.R.C. Staff so claims, there would've been no need for Sgt. Madison to have presented a Directive to me about the length of my beard or style of my hair. I made no such request as I.G.R.C. Staff claims and there is enough evidence to prove that.*

*Michael Head* _____     5-11-09 _____
GRIEVANT'S SIGNATURE                                        DATE

_____                      _____
GRIEVANCE CLERK'S SIGNATURE                                 DATE

FORM 2133 (REV. 2/89)



STATE OF NEW YORK

DEPARTMENT OF CORRECTIONAL SERVICES
THE HARRIMAN STATE CAMPUS - BUILDING 2

1220 WASHINGTON AVENUE

ALBANY, N.Y. 12226-2050

BRIAN FISCHER
COMMISSIONER

## MEMORANDUM

FROM:      Karen Bellamy, Director, Inmate Grievance Program

SUBJ:      Receipt of Appeal

```
                                    Date 06/05/2009
   M HEAD          00A3017
   **SULLIVAN CF**
      Your grievance SUL-18535-09 entitled
   Wants IGRC Conduct Investigated
   was rec'd by CORC on 05/27/2009
```

-----------------------------------------------------------------------

A disposition will be sent to you after the grievance is reviewed by CORC.



| | Grievance Number | Desig./Code | Date Filed |
|---|---|---|---|
| STATE OF NEW YORK | SUL-18535-09 | 1/44 | 4/2/09 |
| DEPARTMENT OF | **Facility** | | |
| CORRECTIONAL SERVICES | Sullivan Correctional Facility | | |
| | **Title of Grievance** | | |
| | Wants IGRC Conduct Investigated | | |
| INMATE GRIEVANCE PROGRAM | **Director's Signature** | | **Date** |
| CENTRAL OFFICE REVIEW COMMITTEE | | | 6/17/09 |

6/17/09

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC asserts that the IGRC shall be the judge of the relevance and materiality of the evidence offered. CORC notes that SUL-18499-09 was answered by CORC on 5/20/09. CORC is the final level of review for the Inmate Grievance Program. Contrary to the grievant's assertions, CORC has not been presented with sufficient evidence to substantiate any malfeasance by staff.

CORC advises the grievant that he may initiate a Freedom of Information Law Request (FOIL) for consideration to obtain the documents he is requesting in accordance with existing Facility procedures.

CORC has determined that an existing mechanism, with a well defined appeal procedure, responds to challenges to the accuracy of information, and is set forth in NYCRR, Title 7, Sections 5.50 - 5.52. Accordingly, the grievant may direct his request for expunction to the custodian of the records at the facility, if dissatisfied with the determination, the grievant may appeal the results of that coordinator's decision to the Inspector General.

Jd/
--------------------------------------------------------------------------------------------------------------------
--------------------------------------------------------------------------------------------------------------------